NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1795

_____

UNITED STATES OF AMERICA

v.

PAUL MOE,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-17-cr-00277-001)
District Judge: Honorable Katherine S. Hayden

_____

Submitted under Third Circuit LAR 34.1(a)
on March 15, 2019

Before: MCKEE, ROTH and FUENTES, Circuit Judges

(Opinion filed: April 17, 2020)

_____

OPINION*

_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Moe was convicted of wire fraud and conspiracy to commit wire fraud for submitting false time sheets to his employer. Moe's time sheets stated he had worked forty hours per week when, in fact, he had worked far less. Moe concedes that he was not present at his job forty hours per week. Instead, he argues that his time sheets were not materially false because, pursuant to contractual language, he was not actually required to fulfill the forty-hour requirement. For that reason, he contends that the District Court should have granted his motion for a judgment of acquittal on the ground that there was insufficient evidence to sustain his convictions. He also objects to the District Court's jury instructions, its failure to exclude evidence regarding his extramarital affair, and its failure to strike a portion of the government's summation. We will affirm the District Court on all grounds.

**I**

Moe worked for APM Terminals, a port and terminal operator, as a General Foreman. Pursuant to the terms of a collective bargaining agreement between his employer and his union, ILA Local 1804-1, which was amended in a 2013 Memorandum of Settlement (MOS), Moe qualified as an "Incumbent" and received his compensation in the form of a Special Package. Moe's Special Package compensated him twenty-four hours per day, seven days per week because he was on-call 24/7; the twenty-four hours were made up of eight hours of straight time, twelve hours of overtime, and four hours of double overtime, resulting in annual compensation in excess of $400,000. The relevant provision of the MOS, for the purposes of this appeal, states that "incumbent" employees like Moe:

will be assigned specific work tasks by their Employers, *will be required to be physically present* engaged in that work *when required by their Employers for a minimum of forty 40 hours per week*, and will be required to report to the terminals when required by their Employers. Employees not present at work when required will be subject to docking of pay and suspensions for repeated offenses.[1]

The parties dispute whether Moe was required to be physically present at APM's port for forty hours per week to qualify for his Special Package compensation. Moe contends that the phrase "when required" in the MOS meant that he had to report to work only when instructed by his employer. The government asserts that the MOS, in addition to the evidence submitted at trial, establishes that Moe was subject to a requirement of being at work for a minimum of forty-hours a week and submitted time sheets he knew to be false.

Moe was indicted on July 19, 2017. Following a trial, a jury convicted Moe of thirteen counts of wire fraud and one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. Moe moved for a judgment of acquittal under Fed. R. Crim. P. 29, and the District Court denied the motion.

**II**

We will affirm the District Court's denial of Moe's Rule 29 motion because there was sufficient evidence for a reasonable jury to convict Moe.[2] We review a sufficiency of the evidence challenge de novo and view the evidence in the light most favorable to

---

[1] A62 (emphasis added).
[2] The government argues that Moe waived his argument that the MOS did not require him to work forty hours per week. We do not address this argument because we hold that the jury had sufficient evidence to convict Moe of wire fraud.

the prosecution.[3] Moe carries the burden to show that "no reasonable juror could accept evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt."[4]

Moe's primary argument is that, pursuant to the MOS, he only had to report "when required" by his employer, and, therefore, he could not have committed fraud because he did not make any material misrepresentations on his time sheets, an essential element of wire fraud.[5] However, the prosecution presented numerous pieces of evidence showing that Moe was in fact required to work forty hours per week and that Moe knew he was subject to this requirement. First, the MOS stated that Moe was required to work forty hours per week.[6] Second, Moe's supervisor and other Special Package holders testified that the forty-hour requirement was mandatory.[7] Third, in Moe's prior testimony, which was read to the jury, he said he normally worked "Monday through Friday" and sometimes on Saturday and Sunday.[8]

At trial, however, after the evidence showed that Moe was not at work anywhere close to forty hours per week, he abandoned any argument about how frequently he reported to work and rested instead on his supposed interpretation of the MOS. Based on this evidence, we cannot say that no reasonable juror could have concluded that Moe

---

[3] *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008).
[4] *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996) (internal citation omitted).
[5] *United States v. Bryant*, 655 F.3d 232, 248 (3d Cir. 2011).
[6] Two other binding agreements—the Master Contract governing union workers and the collective bargaining agreement—also included the forty-hour requirement. *See* SA1140, SA1238-39.
[7] *See, e.g.*, SA368, SA489, SA536.
[8] SA927.

4

knew he was subject to a forty-hour work week requirement and submitted materially false time sheets.[9]

### III

Moe's remaining arguments also fail. First, Moe contends the jury should have been instructed that Moe was entitled to acquittal if they had any reasonable doubt as to the government's interpretation of the forty-hour requirement in the MOS and that they were to apply principles of civil contract law in interpreting the MOS. Moe, however, agreed to the jury instructions and, therefore, waived this argument.[10]

Second, the District Court did not commit plain error by admitting evidence of Moe's extramarital affair. [11] This established that Moe was hours away from his job site with his mistress during typical work hours and thus was unable to report to work "as required" by his employer. This evidence is relevant, particularly because it rebuts Moe's supposed interpretation of the MOS, and its probative value outweighs any prejudicial effect.[12]

Third, Moe argues that the District Court should have instructed the jury to ignore the government's statements implying that the presence of union leaders in the courtroom

---

[9] Moe also argues that if he is entitled to judgment of acquittal on the charges relating to the forty-hour requirement, he should also be granted a new trial on the two counts related to his collection of his full compensation while on vacation. Because we affirm on the conviction, we do not address the latter.

[10] *United States v. Ozcelik*, 527 F.3d 88, 97, n.6 (3d Cir. 2008). Even if this argument is not waived, he cannot show plain error. *See United States v. Olano*, 507 U.S. 725, 733-34 (1993).

[11] Plain error review applies because Moe did not object to the evidence at trial. *Olano*, 507 U.S. at 733-34.

[12] *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007).

intimidated one of the government's witnesses into giving inconsistent testimony. This argument also fails because the government made these statements in response to Moe's counsel's questions to this witness on cross-examination. After Moe's counsel directed the witness's attention to the union leaders and reminded him that they were "personal friends of Paul Moe," the witness stated that he did not make an agreement with Moe to "break the law" or "steal money from APM."[13] However, on direct examination, just moments earlier, the witness had stated that "Moe was taking money he wasn't entitled to."[14] The District Court's failure to strike the prosecutor's statements does not constitute plain error in light of the invited response doctrine.[15]

## IV

For these reasons, we affirm the judgment of the District Court.

---

[13] SA798-99.

[14] SA794.

[15] *United States v. Young*, 470 U.S. 1, 12-13 (1985); *accord Werts v. Vaughn*, 228 F.3d 178, 200 (3d Cir. 2000).